**UNITED STATES of America, Appellee,**

v.

**Marvin MANDEL et al., Appellants.**

**Nos. 77–2487 to 77–2492.**

United States Court of Appeals, Fourth Circuit.

Nov. 1, 1979.

### ORDER

Upon consideration of the defendants' petition for another rehearing before the *en banc* court, 602 F.2d 653, en banc rehearing of 591 F.2d 1347, and the response of the United States, each of the judges in regular active service who is not disqualified having been polled, and it appearing that fewer than a majority of them have voted for it,

IT IS NOW ORDERED that the petition for another rehearing *en banc* before the enlarged court be, and it hereby is, denied.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent from the failure of the court to grant further en banc consideration in this case for the reasons expressed in my two opinions previously filed.

In addition, Judge Murnaghan's conditional disqualification now makes it certain that the case can be heard by an uneven number of judges. We know that on one important issue the court was divided 3 to 3, so a rehearing would have to result in a majority vote, one way or the other.

Especially in a criminal case in which people are going to jail by the vote of an evenly divided court, I have more reservations than I can overcome about sending them there without the vote of a majority when the means for getting a majority one way or the other is readily available to the court. I think the court as an institution suffers by our action, for I am not at all sure that we serve properly the appearance of justice when it is within our command so to do.

I am authorized to state that Judge DONALD RUSSELL joins me in this opinion.

MURNAGHAN, Circuit Judge:

STATEMENT WITH RESPECT TO DENIAL OF FURTHER HEARING

This statement is not lightly made. It appears only after reflection, and despite considerations which would normally preclude its seeing the light of day. First, one customarily does not announce a dissent from court action which is taken by vote and without opinion. Second, my past tangential contact with this case while a practising lawyer would, in ordinary circumstances, dictate that I should recuse myself to avoid the appearance of even the slightest possible bias. Third, close association with the other members of this Court, short though it has been, has already thoroughly confirmed my earlier impression of the dedication, skill, compassion and concern for the Court as an institution of each of the members. The fact that four of my colleagues disagree with me is strong indication that my views may be wrong. Those considerations have not deterred me only because of a strange certainty, transcending the ordinary confidence one has in one's convictions, that the Court's failure to decide this case constitutes a serious injustice.

It is nearly as important that cases be decided, and the decisions be accorded finality, as it is that they be disposed of absolutely correctly. Courts have, as a conse-

quence, adopted a rule of necessity that an evenly divided appellate court, although it cannot render a decision, affirms the judgment. The unsatisfactory nature of such a decisionless result is reflected, however, in the rule that judgments of equally divided courts are not accorded precedential value. The rule of necessity has, however, no scope for application here. The even division which would normally bring the rule into play is not present when the even division coincides with an expansion of the court's membership. Judge Sprouse and I had joined the Court by the time it considered and acted on the petition for further rehearing.

So I regret the denial of that petition, the granting of which would avoid a situation so frustrating to defendants who have made arguments sufficient to persuade three members of the Court (that is one-half of those who participated in rehearing) that reversal and a new trial are required, if justice is to be accomplished. The defendants and the public generally, in whose service the courts operate, are entitled to a decision of this Court, whether it leads to reversal and a new trial, or whether, through affirmance, it gives requisite certainty and finality to the convictions. This was no ordinary case. Its consequences on the entire political system of the State of Maryland are enormous. It cries out for a proper resolution, where such a resolution is possible.

It would, of course, avail nothing, if yet another rehearing were to result only in a new deadlock. Since an even number of judges has been added to the Court, the danger of a fresh deadlock seems at first a large one, especially in light of the closeness of the issues, a closeness which is evidenced by the splits in both the panel and the *en banc* court. As things are situated, however, another even division could not occur because any reargument of this case would be heard by an odd number of judges.

Enabling a court to reach a decision is not sufficient reason, standing alone, for a judge to recuse himself or herself. If it were, then, since all judges would be equally subject to the duty to recuse, evenly divided courts would effectively decide cases by lot, or some other arbitrary process, as they selected one of their members for recusal. Nor is preserving the decision making ability of a court sufficient reason for judges to fail to fulfill an otherwise clear obligation to disqualify themselves. But when grounds for a judge's recusal exist, but are ones related to appearances rather than actualities, impact on the court's decision making ability is a factor which the judge should take into account in deciding whether or not to participate. Another rule of necessity is then at work. The appearance of justice suffers far greater damage from a court's unnecessary inability to reach a decision than it does from the participation of a member of the court for whom there are palpable but far-fetched possibilities of bias. Since the reasons why I might recuse myself are of such a tenuous and speculative nature,[1] they would be outweighed by the importance of the court's being able to reach a decision. The court would thus be assured that, whether or not Judge Sprouse had to recuse himself, an odd number of members would participate in any rehearing of this case *en banc*. If he did not recuse himself, I would. If he did recuse himself, I would sit.

For these reasons, I feel compelled respectfully to express my dissent from the decision not to hold a further *en banc* rehearing. To the extent necessary to permit that expression, I refrain from disqualifying myself.

---

**1.** While in private practice, I represented two clients, on whose behalf I obtained intervention at the trial level, to contest rulings on the availability of news items emanating from the case, in one instance, and to resist an attempted confiscation of property by the Government, in the other.